ACCEPTED
13-15-00227-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/29/2015 3:52:50 PM
CECILE FOY GSANGER
CLERK

NO. 13-15-00227-CV

IN THE THIRTEENTH COURT OF APPEALS DISTRICT
CORPUS CHRISTI/EDINBURG, TEXAS

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/29/2015 3:52:50 PM
CECILE FOY GSANGER
Clerk

\* \* \*

MELDEN & HUNT, INC.

*Appellant*

V.

EAST RIO HONDO WATER SUPPLY CORPORATION,

*Appellee*

## BRIEF OF APPELLANT

\* \* \*

GONZALEZ, CHISCANO, ANGULO &
KASSON, P.C.
Henry B. Gonzalez III
State Bar No. 00794952
hbg@gcaklaw.com
Jeffrie D. Boysen
State Bar No. 24071785
jboysen@gcaklaw.com
613 N.W. Loop 410, Suite 800
San Antonio, Texas 78216
(210) 569-8500
(210) 569-8490 (telecopier)

THE LAW OFFICE OF
JACQUELINE M. STROH, P.C.
Jacqueline M. Stroh
State Bar No. 00791747
jackie@strohappellate.com
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7416
(210) 477-7466 (telecopier)

ATTORNEYS FOR APPELLANT, MELDEN & HUNT, INC.

**APPELLANT RESPECTFULLY REQUESTS ORAL ARGUMENT**

## IDENTITY OF PARTIES AND COUNSEL

In accordance with Texas Rule of Appellate Procedure 38.1(a), Appellant presents the following list of all parties to the judgment and their counsel:

1.      **Appellant/Defendant Below**

Melden & Hunt, Inc.

2.      **Counsel for Appellants**

Henry B. Gonzalez III                                    **Trial/Appellate Counsel**
Jeffrie D. Boysen
Gonzalez, Chiscano, Angulo & Kasson, P.C.
613 N.W. Loop 410, Suite 800
San Antonio, Texas 78216

Jacqueline M. Stroh                                      **Appellate Counsel**
The Law Office of Jacqueline M. Stroh, P.C.
10101 Reunion Place, Suite 600
San Antonio, Texas 78216

3.      **Appellee/Plaintiff Below**

East Rio Hondo Water Supply Corporation[1]

4.      **Counsel for Appellee**

Richard W. Fryer                                         **Trial/Appellate Counsel**
Brian J. Hansen
Fryer & Hansen, PLLC
1352 West Pecan Boulevard
McAllen, Texas 78501
*-and-*
Roman "Dino" Esparza
Esparza & Garza, LLP
964 E. Los Ebanos

---

[1] The style of the case does not include "Corporation," but the body of Plaintiff's Original Petition does. (*CR 4*)

ii

Brownsville, Texas 78520

**5.     Other Defendants Below**

Hawkins & Affiliates, Inc.
HRM Environmental, LLC
Greystar EIG, LP, d.b.a Greystar
Ovivo, USA, LLC

**6.     Counsel for Other Defendants Below**

Seth A. Russell
Andrews Myers, P.C.
3900 Essex Lane, Suite 800
Houston, Texas 77027-5109
*Attorneys for Hawkins & Affiliates, Inc. and  HRM Environmental, LLC*

Timothy M. McDaniel
Irelan McDaniel, PLLC
440 Louisiana Street, Suite 1800
Houston, Texas 77002
*Attorneys for Greystar EIG, LP, d/b/a Greystar*

E. Michael Rodriguez
Eduardo R. Rodriguez
Atlas, Hall & Rodriguez, L.L.P.
50 W. Morrison Rd., Suite A
Brownsville, Texas 78521
*-and-*
Gretchen N. Miller
Greenberg Traurig, L.L.P.
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
*Attorneys for Ovivo, USA, LLC*

**TABLE OF CONTENTS**

$$\qquad \textbf{\underline{Page}}$$

IDENTITY OF PARTIES AND COUNSEL ........................................................ ii

TABLE OF CONTENTS ................................................................................ iv

INDEX OF AUTHORITIES .......................................................................... viii

STATEMENT OF THE CASE ....................................................................... xv

STATEMENT REGARDING JURISDICTION ............................................... xvi

STATEMENT REGARDING ORAL ARGUMENT ........................................ xvii

ISSUES PRESENTED .................................................................................. xviii

**Issue No. 1:**

Whether Appellant Melden & Hunt, Inc. is entitled to a dismissal with, or without, prejudice of all, or a majority, of the claims asserted against it by Appellee East Rio Hondo Water Supply Corporation, where Appellee failed to file a certificate of merit in compliance with chapter 150 of the Texas Civil Practice and Remedies Code.

East Rio offered the affidavit of Dan Leyendecker as its certificate of merit, but the affiant failed to show his competency or knowledge to testify and failed to even reference an active engagement in the practice of engineering – within the four corners of his affidavit or otherwise. Additionally, the affiant failed to address each and every theory asserted by East Rio and failed to discuss virtually all of them with the specificity required by chapter 150. These defects require dismissal of East Rio's complaint against Melden & Hunt with prejudice. At the very least, and without waiving its entitlement to a complete dismissal with prejudice, Melden & Hunt remains entitled to a dismissal, even if it is without prejudice and even if it is only in part. .. xviii

STATEMENT OF FACTS ............................................................................... 1

STATUTORY FRAMEWORK ...............................................................................2

SUMMARY OF THE ARGUMENT .......................................................................8

ARGUMENT AND AUTHORITIES ....................................................................13

    I.      The Governing Standard of Review Is *De Novo* ................................13

    II.    Courts Begin with a Statute's Plain Language in Any Statutory Construction Effort, But Must Construe That Language in Context, in Accordance with the Legislative Scheme, and So as Not to Render Any Part Thereof Meaningless or Superfluous ..........14

    III.   While Plaintiff Filed an Affidavit Purporting to Be a Certificate of Merit, Its Attempted Certificate Is Insufficient; and the Plaintiff's Claims Must Be Dismissed ..................................................16

        A.    The Court Is Confined to the Four Corners of the Affidavit in Determining Competency, Qualifications, and Current Practice Status; Regardless, East Rio Offered Nothing Beyond Leyendecker's Attempted Certificate to Show Compliance ..................................................................17

            1.    Leyendecker Has Not Demonstrated That He is Competent and Qualified to Testify .............................20

                a.    Leyendecker Must Have Tied His Purported Expertise to the Specific Issues Involved in East Rio's Claims .................................................20

                b.    Leyendecker Must Have Offered More Than Conclusory Assertions of Competency and Knowledge .........................................................26

                c.    Leyendecker's Affidavit Failed to Satisfy the Statutory Requirements ................................28

            2.    Leyendecker Has Failed to Demonstrate That He Is Actively Engaged in the Practice of Engineering .......29

B.    East Rio Was Required to File a Sufficient Certificate of Merit as to All Claims Asserted against Melden & Hunt, Which It Failed to Do......................................................33

      1.    The Applicable Statutory Text Requires the Affiant to Have Addressed Every Theory of Recovery against Melden & Hunt ..................................33

      2.    A Certificate of Merit Must Set Forth Specifically, for Each Theory of Recovery, the Negligence or Other Action, Error, or Omission and Must State the Factual Basis for Each Such Claim ..........................34

      3.    Leyendecker's Affidavit Fails to Address Each Theory as Required by Section 150.002(b) and Wholly Fails to Address Causation ................................37

      4.    At the Very Least, Leyendecker's Equivocation Precludes the Affidavit's Sufficiency.............................42

IV.    Dismissal Must Be of Plaintiff's Entire Complaint and Must Be with Prejudice...................................................................43

   A.    If the Certificate of Merit Fails to Comply with Chapter 150 in Any Respect, the Plaintiff's Entire Complaint Must Be Dismissed ..................................................43

   B.    Failure to Comply with Section 150.002 Requires Dismissal with Prejudice Generally and in the Circumstances of This Case...................................................45

      1.    The Statute's Language Requires Dismissal with Prejudice ....................................................................45

      2.    Under the Circumstances of This Case, Dismissal Should Be with Prejudice ...............................................49

   C.    In the Alternative, Melden & Hunt Preserves Its Right to a Dismissal without Prejudice and to a Dismissal at Least in Part, While Not Waiving Its Arguments That the Court

Has a Mandatory Duty to Dismiss the Entire Complaint with Prejudice ..............................................................50

PRAYER...............................................................................................51

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION ...............................................................................52

CERTIFICATE OF SERVICE ...........................................................52

APPENDIX ................................................................... (A-1 to A-3)

Order Denying Motion to Dismiss (04/28/2015) .......................... A-1

Excerpts from Chapter 150 of the Texas Civil Practice and Remedies Code.................................................. A-2

Excerpts from Chapter 1001 of the Texas Occupations Code .................................................................. A-3

# INDEX OF AUTHORITIES

**<u>Page</u>**

**CASES**

*Abutahoun v. Dow Chem. Co.*,
___ S.W.3d ___, 2015 WL 2147979 (Tex., May 8, 2015)...................................16

*Acker v. Texas Water Comm'n*,
790 S.W.2d 299 (Tex. 1990) ...........................................................................23

*American Transitional Care Ctrs. of Tex., Inc. v. Palacios*,
46 S.W.3d 873 (Tex. 2001)......................................................................... 13, 19

*Benchmark Eng'g Corp. v. Sam Houston Race Park*,
316 S.W.3d 41 (Tex. App. – Houston [14th Dist.] 2010,
judgm't vacated w.r.m.) ....................................................................................34

*BHP Eng'g & Constr., L.P. v. Heil Constr. Mgmt., Inc.*,
No. 13-13-00206-CV, 2013 WL 9962154
(Tex. App. – Corpus Christi, Dec. 5, 2013, no pet.) (mem. op.).........................22

*Bowie Memorial Hosp. v. Wright*,
79 S.W.3d 48 (Tex. 2002)..................................................................................37

*Broders v. Heise*,
924 S.W.2d 148 (Tex. 1996) ........................................................................ 22, 23

*Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*,
456 S.W.3d 181 (Tex. App. – San Antonio 2014, pet. filed) .................. 27, 46, 47

*Burke v. Satterfield*,
525 S.W.2d 950 (Tex. 1974) .............................................................................42

*CHCA Woman's Hosp., L.P. v. Lidji*,
403 S.W.3d 228 (Tex. 2013) .............................................................................14

*Christus Spohn Health Sys. Corp. v. Castro*,
No. 13-13-00302-CV, 2013 WL 6576041
(Tex. App. – Corpus Christi, Dec. 12, 2013, no pet.) (mem. op.).......................24

*City of Dallas v. Abbott*,
304 S.W.3d 380 (Tex. 2010) .............................................................................16

*City of Dallas v. TCI West End, Inc.*,
  ___ S.W.3d ___, 2015 WL 2147986 (Tex., May 8, 2015)....................................25

*City of Houston v. Bates*,
  406 S.W.3d 539 (Tex. 2013) ...........................................................................16

*City of Lorena v. BMTP Holdings, L.P.*,
  409 S.W.3d 634 (Tex. 2013) ...........................................................................44

*Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*,
  271 S.W.3d 238 (Tex. 2008) ...........................................................................31

*Cooper Tire & Rubber Co. v. Mendez*,
  204 S.W.3d 797 (Tex. 2006) ...........................................................................23

*Criterium-Farrell Eng'rs v. Owens*,
  248 S.W.3d 395 (Tex. App. – Beaumont 2008, no pet.) ...................................3, 35

*Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*,
  430 S.W.3d 384 (Tex. 2014) ...................................................................... 15, 21

*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*,
  390 S.W.3d 299 (Tex. 2013) ...........................................................................3, 27

*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*,
  No. 02-11-00160-CV, 2013 WL 3968021
  (Tex. App. – Fort Worth, Aug. 1, 2013, no pet.) (mem. op. on remand) .............45

*CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*,
  ___ S.W.3d ___, 2015 WL 1407716
  (Tex. App. – Fort Worth, Mar. 26, 2015, pet. filed).......................... 46, 47, 48, 49

*DHM Design v. Morzak*,
  No. 05-15-00103-CV, 2015 WL 3823942
  (Tex. App. – Dallas, Jun. 19, 2015, no pet.) (mem. op.) .....................................38

*Durivage v. La Alhambra Condominium Ass'n*,
  No. 13-11-00324-CV, 2011 WL 6747384 (Tex. App. –
  Corpus Christi, Dec. 21, 2011, pet dism'd) (mem. op.) .................... 26, 36, 37, 40

*Fitzgerald v. Advanced Spine Fixation Sys., Inc.*,
  996 S.W.2d 864 (Tex. 1999) ...........................................................................15

*Fleming Foods of Tex., Inc. v. Rylander*,
  6 S.W.3d 278 (Tex. 1999)..............................................................32

*Frazier v. GNRC Realty, LLC*,
  ___ S.W.3d ___, 2014 WL 4635881
  (Tex. App. – Corpus Christi, Aug. 29, 2014, pet. denied) ........................... 13, 14

*Gammill v. Jack Williams Chevrolet, Inc.*,
  972 S.W.2d 713 (Tex. 1998) ..............................................................22

*Garza v. Carmona*,
  390 S.W.3d 391 (Tex. App. – Corpus Christi 2012, no pet.) 34, 35, 36, 38, 41, 51

*General Motors Corp. v. Burry*,
  203 S.W.3d 514 (Tex. App. – Fort Worth 2006, pet. denied)..............................23

*Glassman v. Goodfriend*,
  347 S.W.3d 772 (Tex. App. – Houston [14th Dist. 2011, pet. denied)
  (en banc).....................................................................................19

*Hardy v. Matter*,
  350 S.W.3d 329 (Tex. App. – San Antonio 2011, pet. dism'd) .......................3, 19

*Helena Chem. Co. v. Wilkins*,
  47 S.W.3d 486 (Tex. 2001)..............................................................15

*Hendrick Med. Ctr. v. Conger*,
  298 S.W.3d 784 (Tex. App. – Eastland 2009, no pet.)......................................24

*Hong v. Integrated Applications Eng'g, Inc.*,
  No. 14-06-00579-CV, 2008 WL 660650
  (Tex. App. – Houston [14th Dist.], Mar. 11, 2008, pet. denied) (mem. op.) .......26

*Ibrahim v. Gilbride*,
  No. 14-09-00938-CV, 2010 WL 5064430
  (Tex. App. – Houston [14th Dist.] 2010, no pet.)....................................... 26, 27

*In re Commitment of Bohannon*,
  388 S.W.3d 296 (Tex. 2012) ..............................................................22

*In re Jorden*,
  249 S.W.3d 416 (Tex. 2008) (orig. proceeding) ......................................14

*Jaster v. Comet II Const., Inc.*,
438 S.W.3d 556 (Tex. 2014) ..................................................................44

*Johnson v. Fourth Court of* Appeals,
700 S.W.2d 916 (Tex. 1985) (orig. proceeding) ...................................49

*Landreth v. Las Brisas Council of Co-Owners, Inc.*,
285 S.W.3d 492 (Tex. App. – Corpus Christi 2009, no pet.) ........ 3, 17, 18, 19, 29

*Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*,
No. 13-13-00723-CV, 2015 WL 601983 (Tex. App. – Corpus Christi,
Feb. 12, 2015, pet. filed) (mem. op.) ............. 18, 22, 23, 35, 40, 42, 43, 44, 46, 49

*Lexington Ins. Co. v. Strayhorn*,
209 S.W.3d 83 (Tex. 2006)..................................................................15

*McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*,
991 S.W.2d 787 (Tex. 1999) .................................................................39

*McLaughlin v. Smith*,
105 Tex. 330, 148 S.W. 288 (1912) ......................................................48

*Medina v. Tate*,
438 S.W.3d 583 (Tex. App. – Houston [1st Dist.], Jul. 9, 2013, no pet.) ............19

*MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*,
260 S.W.3d 561 (Tex. App. – Dallas 2008, no pet.) ..........................19

*Molinet v. Kimbrell*,
356 S.W.3d 407 (Tex. 2011) ................................................................14

*Nueces County Bail Bond Bd. v. Alkek*,
No. 13-04-00395-CV, 2006 WL 1843516
(Tex. App. – Corpus Christi, Jul. 6, 2006, no pet.) (mem. op.)..........................42

*Owens v. Housing Auth. of City of San Antonio*,
No. 12-12-00034-CV, 2013 WL 2286079
(Tex. App. – Tyler, May 22, 2013, no pet.) (mem. op.)......................................33

*Robert Navarro & Assocs. Eng'g, Inc. v. Flowers Banking Co. of El Paso, LLC*,
389 S.W.3d 475 (Tex. App. – El Paso 2012, no pet.) .........................................38

*Sauceda v. GMAC Mortg. Corp.*,
268 S.W.3d 135 (Tex. App. – Corpus Christi 2008, no pet.) ...............................40

*Savaseniorcare Administrative Servs., L.L.C. v. Cantu*,
No. 04-14-00329-CV, 2014 WL 5352093
(Tex. App. – San Antonio, Oct. 22, 2014, no pet.) (mem. op.)...........................26

*Sharp Eng'g v. Luis*,
321 S.W.3d 748 (Tex. App. – Houston [14th Dist.] 2010, no pet.) .......................3

*Southwestern Bell Tel., L.P. v. Emmett*,
459 S.W.3d 578 (Tex. 2015) ...............................................................13

*Springer v. Johnson*,
280 S.W.3d 322 (Tex. App. – Amarillo 2008, no pet.) ........................................37

*Tenet Hosps., Ltd. v. De La Riva*,
351 S.W.3d 398 (Tex. App. – El Paso 2011, no pet.) ..........................................24

*Texas Adjutant General's Office v. Ngakoue*,
408 S.W.3d 350 (Tex. 2013) ...............................................................46

*TGS-NOPEC Geophysical Co. v. Combs*,
340 S.W.3d 432 (Tex. 2011) ...............................................................15

*Traxler v. Entergy Gulf States, Inc.*,
376 S.W.3d 742 (Tex. 2012) ...............................................................15

*Union Carbide Corp. v. Synatzske*,
438 S.W.3d 39 (Tex. 2014)..................................................................15

*Walker v. Packer*,
827 S.W.2d 833 (Tex. 1992) (orig. proceeding) .................................................14

*Wickware v. Sullivan*,
70 S.W.3d 214 (Tex. App. – San Antonio 2001, no pet.) .....................................48

**STATUTES**

Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 2,
2005 Tex. Gen. Laws 348, 348 (amended 2009)....................................................4

Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2,
  2005 Tex. Gen. Laws 369, 369-70 (amended 2009) ...............................................4

Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 2,
  2009 Tex. Gen. Laws 1991, 1991-92 (amended 2013) ..........................................4

Act of May 29, 2009, 81st Leg., R.S., ch. 789, §§ 3-4,
  2009 Tex. Gen. Laws 1991, 1992 (amended 2013)....................................... 5, 34

TEX. CIV. PRAC. & REM. CODE chp. 150 (West 2011) ................................... passim

TEX. CIV. PRAC. & REM. CODE § 150.001 (West 2011)................................... xvii, 4

TEX. CIV. PRAC. & REM. CODE § 150.001(1-a) (West 2011) ................................5, 6

TEX. CIV. PRAC. & REM. CODE § 150.001(e) (West 2011) ...................................30

TEX. CIV. PRAC. & REM. CODE § 150.002 (West 2011).................................. passim

TEX. CIV. PRAC. & REM. CODE § 150.002(a) (West 2011) .............................. passim

TEX. CIV. PRAC. & REM. CODE § 150.002(a)(1) (West 2011)................................25

TEX. CIV. PRAC. & REM. CODE § 150.002(a)(2) (West 2011)................................25

TEX. CIV. PRAC. & REM. CODE § 150.002(a)(3) (West 2011)................................25

TEX. CIV. PRAC. & REM. CODE § 150.002(b) (West 2011) ............................. passim

TEX. CIV. PRAC. & REM. CODE § 150.002(c) (West 2011) ..................... 6, 24, 46, 47

TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011) .............................. passim

TEX. CIV. PRAC. & REM. CODE § 150.002(f) (West 2011)........................... xv, 8, 48

TEX. CIV. PRAC. & REM. CODE chp. 74 (West 2011) ................ xvii, 9, 13, 19, 21, 25

TEX. CIV. PRAC. & REM. CODE § 74.351 (West 2011)................................ 24, 25, 36

TEX. CIV. PRAC. & REM. CODE § 74.351(l) (West 2011) .......................................13

TEX. CIV. PRAC. & REM. CODE § 74.351(r)(5) (West 2011) .................................24

TEX. CIV. PRAC. & REM. CODE § 74.401 (West 2011)....................................... 25, 27

TEX. CIV. PRAC. & REM. CODE § 74.401(a) (West 2011) .................................. 21, 24

TEX. EDUC. CODE § 51.780(d) (West 2012)..................................................31

TEX. GOV'T CODE § 311.016 (West 2013)...................................................48

TEX. INS. CODE § 2210.2551(b) (West Supp. 2015) ...................................31

TEX. OCC. CODE chp. 1001 (West 2012)..................................................... vii

TEX. OCC. CODE § 1001.003 (West 2012) ................................................30

TEX. OCC. CODE § 1001.003(b) (West 2012) ...........................................30

TEX. OCC. CODE § 1001.003(c) (West 2012) .........................................7, 30

TEX. OCC. CODE § 1001.003(c)(11) (West 2012) .............................. 31, 32

TEX. OCC. CODE § 1001.302(e) (West 2012) ...........................................31

**OTHER AUTHORITIES**

HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS,
   Tex. H.B. 4, 78th Leg., C.S. (2003) .........................................................2

SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS,
   Tex. H.B. 4, 78th Leg., C.S. (2003).........................................................2

**RULES**

TEX. R. APP. P. 9.4(i)..............................................................................52

TEX. R. APP. P. 38.1(a)............................................................................ ii

TEX. R. EVID. 702 ................................................ xvii, 20, 21, 24, 25, 27

## STATEMENT OF THE CASE

*Nature of the Case:* Plaintiff, East Rio Hondo Water Supply, filed suit against Melden & Hunt, Inc., among several others, asserting claims for breach of contract, breach of express and implied warranty, negligence, and negligent misrepresentation based on an assertion that Melden & Hunt, Inc. provided substandard design of the Martha Ann Simpson Water Treatment Plant. (*CR 4-18*)

*Trial court:* The Honorable Migdalia Lopez of the 197th Judicial District Court, Cameron County, Texas. (*CR 63*)

*Trial Court's Disposition:* The trial court signed an Order denying Melden & Hunt, Inc.'s Motion to Dismiss on April 28, 2015. (*CR 63*) Melden & Hunt, Inc. has pursued an interlocutory appeal from that order, which refused to dismiss the Plaintiff's complaint against it for failure to comply with chapter 150 of the Texas Civil Practice and Remedies Code. (*CR 25-40, 63*)

*Parties in the Court of Appeals:* The Appellant, Melden & Hunt, Inc., is a Defendant below. Appellee, East Rio Hondo Water Supply Corporation, is the Plaintiff below.

*Requested Disposition from This Court:* Appellant Melden & Hunt, Inc. requests that the Court reverse the trial court's order denying their Motion to Dismiss; that the Court render judgment dismissing Plaintiffs' complaint against Melden & Hunt, Inc. with prejudice, or, in the alternative, without prejudice, either in whole or in part; and that the Court award Melden & Hunt, Inc. its costs on appeal.

## STATEMENT REGARDING JURISDICTION

This interlocutory appeal is authorized by section 150.002(f) of the Texas Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE § 150.002(f) (West 2011) ("An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.").

## STATEMENT REGARDING ORAL ARGUMENT

Given the conflict of authority on several important points for purposes of this appeal, oral argument would be helpful to permit the Court and counsel to discuss the specific language of chapter 150 of the Texas Civil Practice and Remedies Code against the backdrop of well entrenched statutory construction principles. Those principles require the Court to adhere to the plain language but also to construe that language in context and giving effect to all words chosen by the Texas Legislature for inclusion in sections 150.001 and 150.002. In that respect, oral argument would give the Court and counsel a chance to discuss the competency and knowledge requirements for affiants, including the chapter's incorporation of the requirements of Texas Rule of Evidence 702 and its mirror of certain relevant portions of chapter 74 of the Texas Civil Practice and Remedies Code. Likewise, counsel could address the requirement that the affiant be actively engaged in the practice of engineering and that the affiant set forth specifically and for each theory of recovery asserted the alleged act or omission and the factual basis in support of each such claim. Finally, oral argument would assist in elucidating the law supporting a construction that requires dismissal with prejudice when a certificate of merit fails to comply with the mandates of chapter 150.

# ISSUE PRESENTED

## Issue No. 1:

Whether Appellant Melden & Hunt, Inc. is entitled to a dismissal with, or without, prejudice of all, or a majority, of the claims asserted against it by Appellee East Rio Hondo Water Supply Corporation, where Appellee failed to file a certificate of merit in compliance with chapter 150 of the Texas Civil Practice and Remedies Code.

East Rio offered the affidavit of Dan Leyendecker as its certificate of merit, but the affiant failed to show his competency or knowledge to testify and failed to even reference an active engagement in the practice of engineering – within the four corners of his affidavit or otherwise. Additionally, the affiant failed to address each and every theory asserted by East Rio and failed to discuss virtually all of them with the specificity required by chapter 150. These defects require dismissal of East Rio's complaint against Melden & Hunt with prejudice. At the very least, and without waiving its entitlement to a complete dismissal with prejudice, Melden & Hunt remains entitled to a dismissal, even if it is without prejudice and even if it is only in part.

## STATEMENT OF FACTS

On January 23, 2015, Appellee East Rio Hondo Water Supply Corporation filed its Original Petition, asserting claims against Melden & Hunt, Inc., among others. (*CR 4-18*) In the factual section of their initial pleading, East Rio asserted that it engaged Melden & Hunt to perform engineering design and project supervision of its new water treatment plant in 2000. (*CR 7*)[2] It further asserted that the plant was substantially completed in 2008 and that, thereafter, it observed problems with the plant's water quality. (*CR 8*) It alleged that the problems were due in part to Melden & Hunt's design of the water treatment system. (*CR 8*) East Rio asserted claims against Melden & Hunt for breach of contract, breach of express warranty, breach of the implied warranty of good and workmanlike products, negligence, and negligent misrepresentation. (*CR 10-16*)

East Rio attached to its Original Petition an affidavit authored by Dan Leyendecker, purporting to constitute a certificate of merit in accordance with the mandate of section 150.002 of the Texas Civil Practice and Remedies Code. (*CR 19-24*) Because the certificate of merit failed to satisfy the requirements of section 150.002, Melden & Hunt filed a motion to dismiss, seeking dismissal of East Rio's

---

[2] The underlying matter is in its infancy, the initial petition just having been filed in January 2015, with Melden & Hunt's motion to dismiss being filed shortly thereafter. As a result, the materials available in the record for a factual recitation are limited. While Melden & Hunt certainly retains the right to contest the factual allegations contained in East Rio's pleading, having filed a general denial subject to its motion to dismiss (*CR 38*), Melden & Hunt cites to East Rio's factual allegations simply to give this Court some context for the circumstances giving rise to this appeal.

complaint against it with prejudice or, in the alternative, without prejudice, either in whole or in part. (*CR 25-40*) Specifically, Melden & Hunt explained in its motion that Leyendecker failed to demonstrate his competency and knowledge, failed to demonstrate that he is actively engaged in the practice of engineering, and failed to set forth specifically for each theory of recovery the alleged act or omission and the factual basis for each such claim. (*CR 25-40*) East Rio responded, and the trial court held a hearing on April 13, 2015. (*CR 41-62; RR*) On April 28, 2015, the trial court signed an Order Denying Melden & Hunt, Inc.'s Motion to Dismiss. (*CR 63*) Melden & Hunt timely filed its Notice of Appeal pursuant to chapter 150 of the Texas Civil Practice and Remedies Code on May 14, 2015. (*CR 65-67*)

## STATUTORY FRAMEWORK

The 78th Texas Legislature enacted chapter 150 of the Texas Civil Practice and Remedies Code in 2003 to provide "for a various corrective measure that will help . . . reduce the costs of litigation . . . [and] address[] many of the root causes of the current situation: non-meritorious lawsuits." HOUSE COMM. ON CIVIL PRACTICES, BILL ANALYSIS, Tex. H.B. 4, 78th Leg., C.S. (2003); *see also* SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. H.B. 4, 78th Leg., C.S. (2003) ("The authors' stated intent is to . . . reduce litigation costs. . ."). The requirement set forth in section 150.002 for the filing of a competent affidavit by a qualified

2

individual furthers that purpose.  TEX. CIV. PRAC. & REM. CODE § 150.002 (West 2011); *see also Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App. – Beaumont 2008, no pet.) ("[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit."); *Hardy v. Matter*, 350 S.W.3d 329, 334 (Tex. App. – San Antonio 2011, pet. dism'd) (explaining that the affidavit requirement provides "a vehicle for dismissal when a claim lacks merit"); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App. – Corpus Christi 2009, no pet.) ("Chapter 150 may have been enacted to limit actions against architects and engineers by ensuring that there is some basis for the lawsuit.").

Because a competent and sufficient affidavit must be filed contemporaneously with the filing of the original petition, section 150.002(e) acts as a "sanction . . . to deter meritless claims and bring them quickly to an end." *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013); *see also Sharp Eng'g v. Luis*, 321 S.W.3d 748, 753 (Tex. App. – Houston [14th Dist.] 2010, no pet.) (Sullivan, J., concurring) ("Its ostensible purpose is to provide a mechanism for the threshold elimination of meritless claims against certain professional service providers.").  Since its enactment, chapter 150's reach has only broadened.

3

Specifically, the Texas Legislature has amended chapter 150 three relevant times since it was enacted in 2003. The Texas Legislature has sought to broaden the chapter's application in each amendment. So, in 2005, the Texas Legislature expanded application of chapter 150 to include registered professional land surveyors, to include allegations of damages brought in arbitration proceedings, and to apply to claims for damages arising out of the rendition of professional services (as opposed to allegations only of professional negligence). *See* Act of May 12, 2005, 79th Leg., R.S., ch. 189, § 2, 2005 Tex. Gen. Laws 348, 348 (amended 2009); Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005 Tex. Gen. Laws 369, 369-70 (amended 2009). In 2009, the Texas Legislature again widened the scope of chapter 150 by including registered landscape architects and expanding the affidavit requirement to set forth "for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service." *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, § 2, 2009 Tex. Gen. Laws 1991, 1991-92 (amended 2013).

Currently, chapter 150 is comprised of two sections that are most relevant to this appeal: 150.001 (definitions); and 150.002 (certificate of merit). As related to this appeal, section 150.001 defines "licensed or registered professional" and the "practice of engineering." TEX. CIV. PRAC. & REM. CODE § 150.001 (West 2011).

4

Section 150.002 governs the requirements for the filing of a certificate of merit, including when the affidavit must be filed, the qualifications of the affidavit's author, and the mandatory contents of the affidavit. TEX. CIV. PRAC. & REM. CODE § 150.002 (West 2011). Because Plaintiff's Original Petition was filed on January 23, 2015 (*CR 4*), the 2009 amendment to chapter 150 of the Texas Civil Practice and Remedies Code, and specifically to section 150.002, applies here. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, §§ 3-4, 2009 Tex. Gen. Laws 1991, 1992 (2009 amendment applies to actions commenced after the amendment's effective date of September 1, 2009).

Section 150.002 requires a certificate of merit to be filed "[i]n any action . . . for damages arising out of the provision of professional services by a licensed or registered professional." TEX. CIV. PRAC. & REM. CODE § 150.002(a) (West 2011). A "licensed or registered professional" is defined to include a "licensed professional engineer . . . or any firm in which such licensed or registered professional practices., including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity." TEX. CIV. PRAC. & REM. CODE § 150.001(1-a) (West 2011).

The certificate of merit is "an affidavit of a third-party . . . licensed professional engineer," which must be filed "with the complaint." TEX. CIV. PRAC.

5

& REM. CODE § 150.002(a) (West 2011); *see also* TEX. CIV. PRAC. & REM. CODE § 150.002(c) (West 2011) (referring to requirement as one of "contemporaneous filing").  While section 150.002(c) contains a limited exception to the contemporaneous filing requirement, it applies only if limitations will expire within 10 days of filing.  TEX. CIV. PRAC. & REM. CODE § 150.002(c) (West 2011).

The licensed professional engineer who authors the affidavit must also be "competent to testify," must "hold the same professional license or registration as the defendant," and must be "knowledgeable in the area of practice of the defendant and offer[] testimony based on the person's:  (A) knowledge; (B) skill; (C) experience; (D) education; (E) training; and (F) practice."  TEX. CIV. PRAC. & REM. CODE § 150.002(a) (West 2011).  Additionally, the affiant must be "licensed or registered in this state and actively engaged in the practice of . . . engineering." TEX. CIV. PRAC. & REM. CODE § 150.002(a) (West 2011).  The "practice of engineering" has the meaning assigned by section 1001.003 of the Texas Occupations Code.  TEX. CIV. PRAC. & REM. CODE § 150.001(1-a) (West 2011).

Section 1001.003, in turn, provides that the practice of engineering includes: (1) consultation, investigation, evaluation, analysis, planning, engineering for program management, providing an expert engineering opinion or testimony, engineering for testing or evaluating materials for construction or other engineering use, and mapping; (2) design, conceptual design, or conceptual design

6

coordination of engineering works or systems; (3) development or optimization of plans and specifications for engineering works or systems; (4) planning the use or alteration of land or water or the design or analysis of works or systems for the use or alteration of land or water; (5) responsible charge of engineering teaching or the teaching of engineering; (6) performing an engineering survey or study; (7) engineering for construction, alteration, or repair of real property; (8) engineering for preparation of an operating or maintenance manual; (9) engineering for review of the construction or installation of engineered works to monitor compliance with drawings or specifications; (10) a service, design, analysis, or other work performed for a public or private entity in connection with a utility, structure, building, machine, equipment, process, system, work, project, or industrial or consumer product or equipment of a mechanical, electrical, electronic, chemical, hydraulic, pneumatic, geotechnical, or thermal nature; (11) providing an engineering opinion or analysis related to a certificate of merit under Chapter 150, Civil Practice and Remedies Code; or (12) any other professional service necessary for the planning, progress, or completion of an engineering service. TEX. OCC. CODE § 1001.003(c) (West 2012).

Critically in the context of this case, "[t]he affidavit shall set forth specifically for each theories of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered

7

professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim." TEX. CIV. PRAC. & REM. CODE § 150.002(b) (West 2011). If the plaintiff fails to file an affidavit in accordance with section 150.002, the trial court "shall" dismiss "the complaint against the defendant." TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011).[3] An order denying a motion for dismissal "is immediately appealable as an interlocutory order." TEX. CIV. PRAC. & REM. CODE § 150.002(f) (West 2011).

## SUMMARY OF THE ARGUMENT

As part of its action for damages arising out of the provision of professional services by Melden & Hunt, a licensed professional, East Rio must have filed a certificate of merit in the form of an affidavit, authored by a licensed professional engineer, contemporaneously with its original complaint. Though East Rio included a certificate of merit, the affidavit's many substantive defects render it a nullity and place East Rio in the practical position of having filed nothing at all.

Section 150.002 is the touchstone for the affidavit's content, and it requires an affiant to be competent to testify and have knowledge in the same area of practice as Melden & Hunt. In other words, as this Court has held, the affidavit

---

[3] Section 150.002(e) further provides that "[t]his dismissal may be with prejudice." *Id.* There is a conflict of authority, however, regarding whether a dismissal under section 150.002 may be without prejudice. Appellant Melden & Hunt, Inc. argued below and argues here for a mandatory dismissal with prejudice and, alternatively, for a dismissal without prejudice. (*CR 37-38*)

8

itself must demonstrate that competency and knowledge. In the analogous health-care context, which also requires the filing of a preliminary report to weed out claims that have failed to demonstrate some potential merit as a threshold matter, the affidavit must tie that competency and knowledge to the matters on which the affiant seeks to opine. In this case, Leyendecker did neither.

Instead, Leyendecker referenced his position as President and Principal of LNV Engineering; a Bachelor of Science in Civil Engineering; his status as a registered professional engineer; and "23 years of experience in master planning, detailed design and construction management." But these simple statements fall far short of demonstrating competency and knowledge to testify on the subject matter involved in this case. The statute's plain terms require more than an engineering degree and license in order for an engineer to testify, and conclusory assertions regarding past general experience do not provide the necessary tie between the affiant's qualifications and the topics on which he seeks to opine. Later, Leyendecker adds an equally conclusory and vague reference to his "education and experience in the design and analysis of water treatment plants, including clarifiers, pumps, filters, piping, controls, and chemical feed systems." This, too, fails to satisfy chapter 150's requirements because it omits any information that would permit a court to gauge the nature and extent of his education and experience. Again, in the analogous context of chapter 74, courts

9

have held that similar recitations fall short of the information required in a preliminary expert report and require dismissal.

Nor does Leyendecker demonstrate an active engagement in the practice of engineering as required by section 150.002. Again, he cites only his position within LNV Engineering and his current license; but neither serving as an officer of LNV nor licensure requires one to be actively practicing engineering. The Court's precedent requires that this information appear on the face of the affidavit, which it does not. Regardless, East Rio never offered any additional information to demonstrate Leyendecker's qualifications or active practice.

Finally, though the applicable version of section 150.002 requires Leyendecker to have set forth "specifically" and "for each theory of recovery for which damages are sought" both the alleged act or omission and the factual basis for each such claim, he wholly omits reference to some theories of recovery and insufficiently addresses virtually all others. East Rio asserted claims for breach of express warranty, breach of implied warranty, breach of contract, negligent misrepresentation, and negligence (including a claim of negligent supervision). The Court's precedent – in accord with the statute's express and plain language – requires each theory to be addressed separately, independently, and specifically.

Despite these requirements, Leyendecker wholly omits any reference to East Rio's claims for breach of express and implied warranties. Neither the word

10

warranty nor a discussion of the claims' elements – which, again, this Court's precedent requires – appears within the purported certificate of merit. As for East Rio's contract claim, Leyendecker simply adopts the negligence allegations by reference and summarily states that they demonstrate breach, despite the clear mandate that claims (just like defendants) be addressed independently and specifically. The affidavit excludes any reference to a contract or to any provisions that Melden & Hunt purportedly breached. Without a discussion of the factual basis in support of each such element of East Rio's breach claim, section 150.002 commands dismissal.

The same is true for East Rio's negligent misrepresentation theory. For that cause of action, Leyendecker offers a single, conclusory paragraph that nowhere addresses the specific elements of a negligent misrepresentation claim. Rather, Leyendecker offers only that Melden & Hunt failed to provide all pertinent information and provided false information. Just what information Melden & Hunt did or did not provide, readers are left to guess. Conclusory assertions such as these could never suffice because they could never permit a court to make the necessary threshold determination. Finally, though Leyendecker spends several paragraphs of his affidavit discussing East Rio's negligence claim against Melden & Hunt, he nowhere mentions or offers any factual basis for a claim of negligent supervision. Again, this Court has dismissed for just such a failure.

11

Additionally, though causation is common to all theory asserted by East Rio against Melden & Hunt, Leyendecker's affidavit addresses causation in only the most cursory way despite section 150.002's specificity requirement. And, finally, Leyendecker fails to state a sufficient factual basis, where he qualified his testimony as resting on the information "available" to him.

Given the defective nature of East Rio's proffered certificate of merit, the Court has no choice but to dismiss East Rio's entire complaint against Melden & Hunt – the only remedy per the plain terms of section 150.002. Moreover, that dismissal must be with prejudice because the statute's terms reference only a dismissal with prejudice. While some courts have read the provision to permit either a dismissal with or without prejudice, the provision must be read in the context of the remainder of chapter 150. Because a dismissal without prejudice would frustrate the requirement that certificates of merit be filed contemporaneously with the first-filed petition and would frustrate the limited exception to that requirement, courts are left with no discretion to do anything but dismiss with prejudice.

Regardless, given the time that East Rio has had to obtain an adequate certificate of merit, as demonstrated by their own pleadings and affidavit, the Court should exercise any discretion to dismiss with prejudice. In the alternative and

12

without waiving its entitlement to a complete dismissal with prejudice, Melden & Hunt remains entitled to a dismissal, even if only in part and/or without prejudice.

## ARGUMENT AND AUTHORITIES

### I.     The Governing Standard of Review Is *De Novo*

The Court has held that the standard of review for a trial court's denial of a defendant's motion to dismiss under section 150.002 of the Texas Civil Practice and Remedies Code is for abuse of discretion. *Frazier v. GNRC Realty, LLC*, ___ S.W.3d ___, 2014 WL 4635881, *2 (Tex. App. – Corpus Christi, Aug. 29, 2014, pet. denied). Its adoption stems from the Supreme Court's application of an abuse of discretion standard to dismissals under what is now chapter 74 of the Texas Civil Practice and Remedies Code. *See American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 877 (Tex. 2001). However, the *Palacios* Court relied in part on the discretion given to the trial court to determine whether the report represented a good faith effort to comply with the expert report requirement. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(l) (West 2011). Chapter 150 permits no such exercise of discretion. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011) ("The Plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant."); *see also Southwestern Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578 (Tex. 2015) ("The use of the word 'shall' evidences the mandatory nature of the duty imposed.").

Regardless, because this appeal involves questions of statutory construction, the standard of review is unquestionably *de novo*. *Frazier*, 2014 WL 4635881, at *2. ("To the extent we analyze statutory construction, however, our standard of review is de novo. . . . 'Once we determine the statute's proper construction, we must then decide whether the trial court abused its discretion in applying the statute.'"); *see also Molinet v. Kimbrell*, 356 S.W.3d 407, 411 (Tex. 2011) ("We review issues of statutory construction de novo."); *In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding) (trial court "has no discretion in determining what the law is or in applying the law to the facts, even if the law is somewhat unsettled"); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding) (court abuses its discretion when it fails to correctly analyze or apply the law).

## II. Courts Begin with a Statute's Plain Language in Any Statutory Construction Effort, But Must Construe That Language in Context, in Accordance with the Legislative Scheme, and So as Not to Render Any Part Thereof Meaningless or Superfluous

The primary function and goal of appellate courts in construing statutes is to ascertain and give effect to the Legislature's intent. *CHCA Woman's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 231 (Tex. 2013). In order to ensure that the process used to determine that intent is both logical and predictable, the Supreme Court has formulated guidelines and principles governing courts in their statutory construction efforts. According to those principles, a statute's plain language is of paramount importance. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex.

14

2001) (courts begin with statute's plain language); *see also Traxler v. Entergy Gulf States, Inc.*, 376 S.W.3d 742, 747 (Tex. 2012) (characterizing resort to statute's plain language as "cardinal rule"); *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 85 (Tex. 2006) (when courts are faced with issues of statutory construction, they necessarily begin with the statute's words).

Beginning with a statute's plain language enforces the justifiable assumption that the Legislature said what it meant and meant what it said; thus, courts understandably consider the statute's words to be the surest guide to the legislative intent. *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). However, courts do not review individual provisions in isolation but consider the statute as a whole. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011). Courts presume the Legislature selected the statute's language with care, choosing each word for a purpose and purposefully omitting words not chosen. *Id.* As a result, courts avoid adopting an interpretation that "renders any part of the statute meaningless." *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 390 (Tex. 2014); *see also Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 55 (Tex. 2014) ("[W]e presume the Legislature does not impose meaningless requirements as part of its lawmaking function.").

In determining a word's meaning as used in a statute, courts draw from the context in which it is used. *TGS-NOPEC*, 340 S.W.2d at 441. In the absence of a

15

statutory definition, courts give words their common meaning. *City of Dallas v. Abbott*, 304 S.W.3d 380, 393 (Tex. 2010). In that effort, courts endeavor to construe words consistent with the overall legislative scheme of which the statute under review is a part. *City of Houston v. Bates*, 406 S.W.3d 539, 547 (Tex. 2013). Courts are permitted to consider laws on similar subjects and the construction of those analogous enactments. *Abutahoun v. Dow Chem. Co.*, ___ S.W.3d ___, 2015 WL 2147979, *5 (Tex., May 8, 2015).

## III. While Plaintiff Filed an Affidavit Purporting to Be a Certificate of Merit, Its Attempted Certificate Is Insufficient; and the Plaintiff's Claims Must Be Dismissed

East Rio acknowledged in its Original Petition that Melden & Hunt qualifies as a "licensed or registered professional," that its action was one for damages arising out of the provision of professional services by Melden & Hunt, and that chapter 150 required it to file a certificate of merit in support of its claims against Melden & Hunt. (*CR 5, 7-10, 13-14*) Any affidavit filed pursuant to section 150.002 must be authored by one competent to testify, who is knowledgeable in the area of practice of the defendant, and who offers testimony based on the person's knowledge, skill, experience, education, training, and practice. TEX. CIV. PRAC. & REM. CODE 150.002(a) (West 2011). Additionally, as noted above, the affidavit "shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed

16

or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist." *Id.* at § 150.002(b). Along with that information, the affiant must state "the factual basis for each such claim." *Id.* Finally, the affiant must be "actively engaged in the practice of . . . engineering." *Id.* The affidavit of Dan Leyendecker, P.E. fails to satisfy these prerequisites and is insufficient to comply with the mandates of section 150.002.

A.     **The Court Is Confined to the Four Corners of the Affidavit in Determining Competency, Qualifications, and Current Practice Status; Regardless, East Rio Offered Nothing Beyond Leyendecker's Attempted Certificate to Show Compliance**

Turning to the affiant's competency and qualifications to testify, the Court is limited to the information appearing on the face of Leyendecker's affidavit in determining whether Leyendecker is competent to testify; is knowledgeable in the area of practice of Melden & Hunt; offers the requisite testimony based on his knowledge, skill, experience, education, training, and practice; and is actively engaged in the practice of engineering. *See* TEX. CIV. PRAC. & REM. CODE § 150.002(a), (b) (West 2011). This Court has held that trial courts, in determining whether an affidavit offered pursuant to section 150.002 actually satisfies the statutory requirements, are confined to the four corners of the originally filed affidavit. *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 498-99 (Tex. App. – Corpus Christi 2009, no pet.).

17

Specifically, the *Landreth* court recognized that section 150.002 requires certain initial criteria to be met with regard to the affiant's qualifications, including that the affiant be a registered engineer, be registered in Texas, be actively engaged in the practice of engineering, and be knowledgeable in the defendant's area of practice. *Landreth*, 285 S.W.3d at 498 (dealing with architects)[4]; *see also* TEX. CIV. PRAC. & REM. CODE § 150.002(a), (b) (West 2011) (containing current requirements for engineers). After recognizing those requirements, *Landreth* held that their satisfaction must appear on the face of the initially filed affidavit and that courts cannot look to other materials and cannot consider information contained in supplemental or amended affidavits. *Landreth*, 285 S.W.3d at 499-500.

Melden & Hunt acknowledges the Court's recent decision in *Levinson Alcoser Assocs., L.P. v. El Pistolon II, Ltd.*, No. 13-13-00723-CV, 2015 WL 601983, *3 (Tex. App. – Corpus Christi, Feb. 12, 2015, pet. filed) (mem. op.), in which the Court held that an expert need not state or establish his knowledge or qualifications within the confines of the certificate of merit – though that case did not cite to or distinguish the earlier *Landreth* decision. Based on the principles of horizontal *stare decisis*, the *Levinson* panel was bound by the prior holding of another panel of Thirteenth Court in *Landreth* absent an intervening, on point, and

---

[4] *Landreth* addressed the 2005 version of the statute, which required that the affiant practice in the same area as the defendant, whereas the current version of section 150.002 requires only that the affiant be knowledgeable in the area of the defendant's practice.

18

contrary holding from a higher court or the Thirteenth Court sitting *en banc*. *Glassman v. Goodfriend*, 347 S.W.3d 772, 781 (Tex. App. – Houston [14th Dist. 2011, pet. denied) (en banc); *see also Medina v. Tate*, 438 S.W.3d 583, 588-89 (Tex. App. – Houston [1st Dist.], Jul. 9, 2013, no pet.) (same); *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosps. of N. Tex., L.P.*, 260 S.W.3d 561, 566 (Tex. App. – Dallas 2008, no pet.) (same).

No intervening decision of either the Supreme Court of the United States, the Supreme Court of Texas, or the Thirteenth Court *en banc* has held contrary to the earlier decision in *Landreth*. As such, *Landreth* governs here; requires the Court to confine its review to the four corners of Leyendecker's affidavit; and mandates dismissal. *See also American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 878 (Tex. 2001) (holding that the only information relevant to the sufficiency of expert report offered under chapter 74 is found "within the four corners of the document"); *see also Hardy v. Matter*, 350 S.W.3d at 334-35 (Hilbig, J., concurring) ("I write separately because I disagree with the majority's interpretation of the legal requirements for the 'certificate of merit' that must be filed contemporaneously with a lawsuit against certain licensed or registered professionals. . . . I believe the statute is not ambiguous and clearly requires the certificate or affidavit include the affiant's licensure, area of practice, and competency to testify.").

19

Regardless, while East Rio argued to the trial court below that it could look beyond the four corners of Leyendecker's affidavit, East Rio offered nothing beyond that affidavit. It attached no supplemental proof to its response, nor did it offer any testimony at the hearing on Melden & Hunt's motion – even assuming it would have been appropriate for East Rio to have done either. (*CR 41-62; RR*) Satisfaction of the statutory requirements must, at the very least, appear *somewhere* in the record. Given that East Rio offered nothing more than Leyendecker's certificate of merit, the affidavit itself must demonstrate compliance. As a result, because Leyendecker's initially filed affidavit fails to demonstrate on its face all requirements of section 150.002, chapter 150 requires dismissal of East Rio's complaint against Melden & Hunt.

### 1. Leyendecker Has Not Demonstrated That He is Competent and Qualified to Testify

#### a. Leyendecker Must Have Tied His Purported Expertise to the Specific Issues Involved in East Rio's Claims

Section 150.002 requires any affiant providing a certificate of merit under chapter 150 to be "competent to testify," to be "knowledgeable in the area of practice of the defendant," and to offer testimony based on the affiant's "knowledge, skill, experience, education, training, and practice" – a virtual reproduction of the predicate for expert testimony established by Texas Rule of Evidence 702. TEX. CIV. PRAC. & REM. CODE § 150.002(a), (b) (West 2011); TEX.

20

R. EVID. 702.  The requirements are also similar to those contained in chapter 74 of the Texas Civil Practice and Remedies Code for the preliminary expert report required in the context of health care liability claims.  TEX. CIV. PRAC. & REM. CODE § 74.401(a) (West 2011) (person, in order to qualify as expert witness on whether physician departed from accepted standards of medical care must be physician who is practicing medicine; "has knowledge of accepted standards of medical care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim"; and "is qualified on the basis of training or experience to offer an expert opinion regarding those accepted standards of medical care").

Not only has the Supreme Court sanctioned, as a general matter, consultation of similar statutory text to provide meaning to a statute under review, but the Supreme Court has done so in the very context of the preliminary affidavit requirements of chapters 74 and 150.  *See Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 389 (Tex. 2014) (looking to chapter 74 for assistance in construing extension provision in chapter 150).  Given the similarities between the two statutory schemes in terms of expert qualifications for those who author preliminary affidavits, courts should look to cases addressing the requisite qualifications for experts generally and specifically for authors under chapter 74 when evaluating the sufficiency of certificates of merit filed under chapter 150.

Well established Texas law provides that credentials alone do not qualify an expert to testify, and an engineering license does not automatically qualify the holder to testify as an expert on every engineering question. *See, e.g., In re Commitment of Bohannon*, 388 S.W.3d 296, 304-05 (Tex. 2012); *see also Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 719 (Tex. 1998) (stating that expert must "truly have expertise concerning the actual subject about which they are offering an opinion"). Thus, not only must a witness have a sufficient background in a particular field, but the witness must tie that background to the very matter on which the witness offers an opinion. *Broders v. Heise*, 924 S.W.2d 148, 153 (Tex. 1996). In other words, the affiant must "*establish* that the expert has 'knowledge, skill, experience, training, or education' regarding the specific issue before the court which would qualify the expert to give an opinion on that particular subject." *Id.* (emphasis added).

Some courts have held that an affiant need not be qualified in sub-specialities of engineering in order to testify under section 150.002. *See, e.g.*, *Levinson*, 2015 WL 601983, at **3-4. Rather, they have held an affiant under section 150.002 qualified if knowledgeable in the defendant's general area of practice – in this case, engineering. *Id.*; *but see BHP Eng'g & Constr., L.P. v. Heil Constr. Mgmt., Inc.*, No. 13-13-00206-CV, 2013 WL 9962154, *5 (Tex. App. – Corpus Christi, Dec. 5, 2013, no pet.) (mem. op.) ("Heil's claims against BHP

22

involve the alleged defective design of the Stab Building, which was intended to store and convert hazardous waste products. Budinger, a licensed engineer and registered architect in Texas, has experience designing hazardous material storage structures. His expertise also includes failure analysis and determining the cause and origin of structure failure.").

To the extent *Levinson* rejected the general requirements that an expert be competent and qualified to testify about the subject matter in question (which is what section *BHP* and section 150.002 require), the Court erred. *See also, e.g., Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 806-07 (Tex. 2006) (proper qualifications sometimes require an expert to have experience in a subspecialty); *see also General Motors Corp. v. Burry*, 203 S.W.3d 514, 526 (Tex. App. – Fort Worth 2006, pet. denied) ("General experience in a specialized field is insufficient to qualify a witness as an expert."). By requiring that the affiant be knowledgeable in the defendant's area of practice and by enacting chapter 150 against the backdrop of Texas law governing expert qualifications, the Legislature necessarily meant to tie that knowledge to the defendant's practice in a given case.

The Legislature is presumed to have enacted a statute with complete knowledge of the existing law and with reference to it. *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990). The requirements set forth in *Broders* and other case law for competent expert testimony apply to expert testimony

generally and to testimony given under section 74.351 of the Texas Civil Practice and Remedies Code, which contains a similar report requirement to that of section 150.002. Indeed, section 150.002 tracks both the language of Rule 702 as well as the requirements for the competency of expert testimony as set forth in chapter 74 – making case law interpreting those provisions relevant here. *Compare* TEX. CIV. PRAC. & REM. CODE § 150.002(b), (c) (West 2011) *with* TEX. R. EVID. 702 and TEX. CIV. PRAC. & REM. CODE §§ 74.401(a), 74.351(r)(5) (West 2011); *see also, e.g., Christus Spohn Health Sys. Corp. v. Castro*, No. 13-13-00302-CV, 2013 WL 6576041, *4 (Tex. App. – Corpus Christi, Dec. 12, 2013, no pet.) (mem. op.) ("Spohn does not dispute that du Bois is an expert in the field of nursing home care and Dr. Starer is an expert in the field of geriatrics and nursing home care, or that these fields regularly involve the prevention and treatment of pressure ulcers. Rather, Spohn argues that neither expert is practicing or has otherwise relevant experience in ICU/trauma care, which is the relevant field of practice in this case. We agree."); *Tenet Hosps., Ltd. v. De La Riva*, 351 S.W.3d 398, 406-07 (Tex. App. – El Paso 2011, no pet.) (holding that board certified ob-gyn was not qualified to opine on pediatric neurological injuries); *Hendrick Med. Ctr. v. Conger*, 298 S.W.3d 784, 788-89 (Tex. App. – Eastland 2009, no pet.) (holding that emergency room physician who was board certified in internal medicine did not demonstrate "any familiarity, training, or experience that would allow him to opine as to the

24

standard of care in formulating policies and procedures at the hospital level in the ICU" and therefore his expert report was deficient).

Moreover, if all that the Legislature meant for section 150.002 to require was that the author of a certificate of merit be an engineer, then the Legislature could have ended the competency requirements of section 150.002(a) without listing additional requirements in subsections (1), (2), and (3) – again, requirements that mirror those of Rule 702 and of section 74.401 (as incorporated into section 74.351). At the very least, the Legislature could have done away with (1) and (3); holding the same professional license or registration as the defendant would necessarily imply some knowledge of engineering. But the Supreme Court has admonished courts tasked with statutory construction to give effect to all words used in the statute under review and to "eschew constructions of a statute that render any statutory language meaningless or superfluous." *City of Dallas v. TCI West End, Inc.*, ___ S.W.3d ___, 2015 WL 2147986, *3 (Tex., May 8, 2015). As a result, the competency requirement of section 150.002(a)(1) and the knowledge requirement of section 150.002(a)(3) must mean something more than general knowledge in the area of engineering. Rather, in accord with principles of statutory construction, decades of precedent construing Rule 702 and chapter 74, and the plain language of section 150.002 itself, Leyendecker had to have demonstrated knowledge to opine on the specific issues involved in this case.

25

### b. Leyendecker Must Have Offered More Than Conclusory Assertions of Competency and Knowledge

Not only must Leyendecker be knowledgeable in defendant's area of practice at issue here, but Leyendecker must have provided sufficient information for the trial court to determine his qualifications. Conclusory assertions do not comply with section 150.002. *See, e.g.*, *Savaseniorcare Administrative Servs., L.L.C. v. Cantu*, No. 04-14-00329-CV, 2014 WL 5352093, *3 (Tex. App. – San Antonio, Oct. 22, 2014, no pet.) (mem. op.) ("Although Dr. Vallejo-Manzur asserts that he is familiar with the usual standard of care for a facility such as Retama Manor, nothing in his report or in his curriculum vitae reveals how he became familiar with this standard of care"), *citing Ibrahim v. Gilbride*, No. 14-09-00938-CV, 2010 WL 5064430, **6-8 (Tex. App. – Houston [14th Dist.] 2010, no pet.) (expert was not qualified to render expert opinion when his report and curriculum vitae failed to describe *how* he acquired sufficient knowledge, skill, experience, training or education to opine on accepted standard of care); *Hong v. Integrated Applications Eng'g, Inc.*, No. 14-06-00579-CV, 2008 WL 660650, *4 (Tex. App. – Houston [14th Dist.], Mar. 11, 2008, pet. denied) (mem. op.) ("An expert opinion is conclusory when it offers an opinion with no factual substantiation.").

Melden & Hunt acknowledges the Corpus Christi Court of Appeals' decision in *Durivage v. La Alhambra Condominium Ass'n*, No. 13-11-00324-CV, 2011 WL 6747384, *2 (Tex. App. – Corpus Christi, Dec. 21, 2011, pet dism'd)

(mem. op.), in which the Court permitted conclusory recitations as to qualifications. In doing so, the Court wrongly observed that nothing in section 150.002 requires the affidavit to comply with the rules of evidence – though that is precisely what section 150.002(a) does by incorporating the very requirements of Rule 702 into its text. Moreover, courts that have addressed satisfaction of section 74.351's requirements have required affiants to do more than track the language of section 74.401 or offer conclusory assertions of qualification. *Ibrahim*, 2010 WL 5064430, at *8. Rather, the expert must go further and explain how he acquired, or the extent of, his experience and familiarity with the issues on which he opines. *Id.* This is so, despite that section 74.401 and section 150.002 contain virtually identical competency and knowledge requirements.

Moreover, if section 150.002 and its requirements of competency and qualifications are to have any meaning, the affiant must do more than offer bare conclusions that simply track the statutory language. The Supreme Court of Texas has noted the purpose of chapter 150 is "to deter meritless claims and bring them quickly to an end." *CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, 390 S.W.3d 299, 301 (Tex. 2013); *see also Bruington Eng'g, Ltd. v. Pedernal Energy, L.L.C.*, 456 S.W.3d 181, 186-87 (Tex. App. – San Antonio 2014, pet. filed) (same). In order to give effect to those purposes, courts must require something more than a conclusory recitation of qualifications and/or statutory text.

Without mandating the showing of expertise required in other, analogous contexts, and without requiring something more than rote repetition of statutory text, the purposes behind chapter 150 are frustrated. Without that information, chapter 150 is reduced to a formulaic precondition to litigation, rather than a vehicle through which meritless claims are brought to a quick resolution, and courts are hampered in their ability to make that threshold determination. The affiant must demonstrate his qualifications and competency to testify by providing specific information regarding his knowledge, skill, experience, education, training, and practice as tied to the specific issues on which he seeks to testify. Per section 150.002(a) and Texas law, he must tie that expertise to Melden & Hunt's area of practice and the specific issues on which he opines. Such specificity is required generally, is required in the context of chapter 74 and on the face of section 150.002, and should be required here.

### c. Leyendecker's Affidavit Failed to Satisfy the Statutory Requirements

Given these principles and section 150.002 plain terms, the question presented is whether Leyendecker demonstrated his competency as required by the statute. In his affidavit, Leyendecker offered only the following information to show his competency and knowledge as tied to the practice of Melden & Hunt as involved in this case: he is the President and Principal of LNV Engineering; has a Bachelor of Science in Civil Engineering; is registered as a professional engineer;

28

and has "23 years of experience in master planning, detailed design and construction management." (*CR 19*)  Later, Leyendecker prefaces his opinions as to Melden & Hunt by stating that those opinions are "[b]ased on my education and experience in the design and analysis of water treatment plants, including clarifiers, pumps, filters, piping, controls, and chemical feed systems." (*CR 19*)  That's it.

Leyendecker's reference to nothing more than a bachelor's degree, engineering license, and terse reference to his years of experience in the vague areas of "master planning, detailed design and construction management" do nothing more than show he is an engineer without tying any of his expertise to that on which he intends to opine.  While the next paragraph makes reference to his "experience" in connection to water treatment plants, he nowhere details the nature or extent of that experience – or, indeed, of more general engineering experience – to enable a court to determine whether he is qualified to testify.  Because Leyendecker offered nothing but conclusory assertions as to his qualifications and established nothing more than that he is an engineer, his certificate of merit is insufficient; and East Rio's complaint against Melden & Hunt must be dismissed.

### 2. Leyendecker Has Failed to Demonstrate That He Is Actively Engaged in the Practice of Engineering

Section 150.002(b) also requires that the affiant be "actively engaged" in the practice of engineering, and *Landreth* obligates the affiant to include this information within the four corners of the initially filed affidavit – though, again,

East Rio offered nothing more than the affidavit in any event. Leyendecker's affidavit recites only that he is the President and Principal of LNV Engineering and is registered as a professional engineer. Tex. Civ. Prac. & Rem. Code § 150.002(b) (West 2011). He does not even state, in conclusory fashion, that he is actively engaged in the practice of engineering – though, just as with his qualifications, this could never be enough to satisfy chapter 150. (*CR 19-24*)

In short, Leyendecker nowhere provides any information indicating that he is actively engaged in the practice of engineering. *See* Tex. Civ. Prac. & Rem. Code § 150.001(e) (West 2011) (explaining that "practice of engineering" has the meaning assigned by section 1001.003 of the Texas Occupations Code); Tex. Occ. Code § 1001.003(b), (c) (West 2012) (defining the "practice of engineering" generally as "the performance of or an offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work" and including specific examples). Simply being an officer in a corporation does not equate with being actively engaged in the practice of engineering as defined by the Texas Occupations Code – either by virtue of the general definition of that phrase or the specific examples of engineering practice set forth in section 1001.003(c). Likewise, simply holding a current registration

30

does not equate with the active practice of engineering. *See* TEX. OCC. CODE § 1001.302(e) (West 2012) ("A person who has the necessary license qualifications described by this chapter is eligible for the license regardless of whether the person is practicing at the time the person applies for the license.").

Below, East Rio cited to section 1001.003(c)(11), which includes among the activities that qualify as the practice of engineering the provision of an engineering opinion related to a certificate of merit under chapter 150. But permitting satisfaction of chapter 150's active-practice requirement by virtue of the filing of the affidavit itself would be circular, nonsensical, and absurd. Given that the phrase "practice of engineering" is used for a whole host of statutes, it is reasonable to assume that the Legislature could have intended the drafting certificates of merit to be sufficient for those other provisions. *See, e.g.,* TEX. EDUC. CODE § 51.780(d) (West 2012); TEX. INS. CODE § 2210.2551(b) (West Supp. 2015). But it would be wholly unreasonable to conclude that the Legislature defined out the requirement that affiants be actively engaged in the practice of engineering by permitting those affiants to rely solely on the certificate of merit itself as evidence of just such practice.

Again, courts are prohibited from rendering statutory provisions meaningless. *Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 256 (Tex. 2008) ("The Court must not interpret the statute in a manner that renders

31

any part of the statute meaningless or superfluous."). Interpreting a requirement that an affiant be actively engaged in the practice of engineering – only to conclude that the affidavit itself satisfies this requirement – would render the requirement a nullity. Likewise, courts cannot construe statutes to result in absurdities. *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 284 (Tex. 1999) (explaining that adherence to statute's plain language gives way when enforcing plain language as written would produce absurd results). Though East Rio offered section 1001.003(c)(11) as a basis for concluding that Leyendecker is actively engaged in the practice of engineering, they noted the absurdity that could result from such an argument. (*CR 49*) They attempted to avoid them by pointing to Leyendecker's activities leading up to the certificate of merit as constituting the practice of engineering so as to save his affidavit. (*CR 50*)

But the circular logic and absurd results remain. If the preparation of the certificate of merit is insufficient to satisfy section 150.002(b)'s requirement, then the analysis leading up to that certificate and which resulted in the certificate's content fares no better. In either case, the certificate of merit itself would satisfy the requirement that the affiant be actively engaged in the practice of engineering – again, leaving litigants and courts alike to wonder why the Legislature bothered including an active-practice requirement. Because courts are prohibited from rendering any part of a statute meaningless or superfluous and because courts must

32

avoid absurd constructions, the simple and obvious answer is that a certificate of merit could not satisfy the active-practice requirement. Leyendecker failed to set forth information in his affidavit establishing that he is actively engaged in the practice of engineering and, thus, failed to comply with the mandates of section 150.002. East Rio's complaint against Melden & Hunt must be dismissed.

B. **East Rio Was Required to File a Sufficient Certificate of Merit as to All Claims Asserted against Melden & Hunt, Which It Failed to Do**

1. **The Applicable Statutory Text Requires the Affiant to Have Addressed Every Theory of Recovery against Melden & Hunt**

As noted previously, the Texas Legislature amended the language of section 150.002 in 2009 to require a certificate of merit to address "for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist as well as the factual basis for each such claim." TEX. CIV. PRAC. & REM. CODE § 150.002(b) (West 2011). Courts interpreting the 2009 amendment have held that section 150.002 applies across the board to any such theory, regardless of the label that the Plaintiff assigns to the claim. *See, e.g., Owens v. Housing Auth. of City of San Antonio*, No. 12-12-00034-CV, 2013 WL 2286079, *4 (Tex. App. – Tyler, May

33

22, 2013, no pet.) (mem. op.); *Garza v. Carmona*, 390 S.W.3d 391, 394-98 (Tex. App. – Corpus Christi 2012, no pet.).

As noted above, Plaintiff's Original Petition was filed on January 23, 2015, meaning that the 2009 amendment to chapter 150 of the Texas Civil Practice and Remedies Code, and specifically to section 150.002, applies here. *See* Act of May 29, 2009, 81st Leg., R.S., ch. 789, §§ 3-4, 2009 Tex. Gen. Laws 1991, 1992 (2009 amendment applies to actions commenced after the amendment's effective date of September 1, 2009). (*CR 4*) East Rio failed to produce an affidavit that complies with section 150.002 by addressing every theory of recovery and stating the factual basis for each; and the trial court erred in refusing to dismiss its complaint against Melden & Hunt as a result. Because Leyendecker's affidavit failed to satisfy this statutory prerequisite for each claim asserted by East Rio against Melden & Hunt, the complaint should be dismissed.

> **2.    A Certificate of Merit Must Set Forth Specifically, for Each Theory of Recovery, the Negligence or Other Action, Error, or Omission and Must State the Factual Basis for Each Such Claim**

The plain meaning of "factual basis" as used in section 150.002 "requires an affiant to describe the facts giving rise to the claim." *Benchmark Eng'g Corp. v. Sam Houston Race Park*, 316 S.W.3d 41, 47 (Tex. App. – Houston [14th Dist.] 2010, judgm't vacated w.r.m.). More than that, this Court has held that the certificate of merit must include statements that are "clear, positive, and free from

inconsistencies, and can be readily controverted with evidence" and must specifically identify the alleged actions, errors, and/or omissions and how they deviated from the applicable standard of care. *Levinson*, 2015 WL 601983, at \*5, *citing Garza v. Carmona*, 390 S.W.3d 391, 396 (Tex. App. – Corpus Christi 2012, no pet.) ("A certificate-of-merit affidavit specifically sets forth alleged negligence when it specifically identifies the actions, errors, and/or omissions that in the affiant's opinion deviated from the applicable standard of care and caused the harm for which the plaintiff seeks damages"); *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 400 (Tex. App. – Beaumont 2008, no pet.) ("[T]he certificate of merit must necessarily address the applicable standard of care and the defendant's failure to meet that standard."). East Rio acknowledged below that it bore the burden to identify the actions, errors, and/or omissions that deviated from the applicable standard of care and caused the harm for which it sought damages, citing to the Court's opinion in *Garza*. (*CR 51*) But it was wrong in its contention that it complied with those directives.

An affidavit fails to comply with section 150.002(b) and fails to set forth a factual basis for a breach of contract claim when it fails to state any facts regarding the existence or breach of any contract – or any other theory – in connection with the specific elements of that claim. *Levinson*, 2015 WL 601983, at \*5 (citing specific elements of breach of contract action and holding that the affidavit failed

35

to provide any factual basis for the breach of contract claim because it failed to provide any factual basis for the existence or breach of any contract), *citing Durivage*, 2011 WL 6747384, at *4 (certificate of merit attesting to deficiencies in a project's roof failed to provide the factual basis for a breach-of-contract claim "because it does not state any facts regarding the existence or breach of any contract"); *see also Garza*, 390 S.W.3d at 397-98 (same). Thus, as part of these requirements, a certificate of merit, in order to comply with the mandate that it set forth the factual basis for each claim, must also address causation as an element. *Garza*, 390 S.W.3d at 397; *see also Durivage*, 2011 WL 6757384, at *3.

To the extent East Rio would point to dicta in *Durivage* that the requirement of section 150.002(b) that an affiant show a "factual basis" is less onerous than the requirement contained in section 74.351 that the affiant provide a fair summary of the expert's opinions regarding applicable standards of care, breach, and causation, East Rio would err. 2011 WL 6747384, at *3. The *Durivage* Court went on to note that the affidavit was sufficient because it set forth the applicable standards of care and their breach – and also cited to the elements of a negligence claim, which include causation. *Id.*

Moreover, in order to comply with the express dictates of section 150.002(b) – *i.e.*, that an affiant set forth the act or omission in question as to each theory of recovery, providing the factual basis for each such claim – the affiant must

necessarily address the applicable standard and its breach and must necessarily do so within the context of a theory's specific elements. Indeed, as the *Durivage* Court recognized, the certificate of merit requirement exists "to provide a basis for the trial court to conclude that the plaintiff's claims have merit"; and an "evaluation of whether a 'factual basis' has been established should be performed with this purpose in mind." *Durivage*, 2011 WL 6747384, at *3. A court cannot perform that function without comparing the factual averments against the elements of the claim asserted. *See also Springer v. Johnson*, 280 S.W.3d 322, 331 (Tex. App. – Amarillo 2008, no pet.) (explaining that, for purposes of section 74.351, "the expert must provide enough data to inform the defendant of the specific conduct called into question and provide the trial court means to preliminarily assess whether the claim has a factual basis"); *see also Bowie Memorial Hosp. v. Wright*, 79 S.W.3d 48, 53 (Tex. 2002) (same).

### 3. Leyendecker's Affidavit Fails to Address Each Theory as Required by Section 150.002(b) and Wholly Fails to Address Causation

Nowhere in Leyendecker's affidavit are Plaintiff's claims for breach of express warranty or breach of the implied warranty of good and workmanlike products addressed generally or as to Melden & Hunt specifically. (*CR 19-24*) The word "warranty" does not even appear in the affidavit. (*CR 19-24*) Without some statement as to those claims – separate and apart from any discussion of East

37

Rio's negligence or other claims – the affidavit is insufficient as to those claims; and the complaint, or at least these claims, must be dismissed. *See, e.g., Garza*, 390 S.W.3d at 397 (reversing denial of dismissal and noting that "Myers's affidavit does not mention or in any way discuss the Carmonas' DTPA theory of recovery. . . . Likewise, Myers's affidavit does not identify or otherwise discuss the Carmonas' claims for common-law fraud, negligent misrepresentation, or breach of contract.").

Not only did the affiant fail to identify the wrongful act in connection with these claims, but Leyendecker failed to provide a factual basis for any warranty claim. The affidavit nowhere addresses the elements of these two claims. (*CR 19-24*) Below, East Rio argued that the affidavit was sufficient by pointing to its discussion of Melden & Hunt's alleged negligence. But, just as a certificate of merit cannot group defendants together and be considered adequate, it cannot group theories together under one factual umbrella – particularly where those theories are not even mentioned. *See, e.g., DHM Design v. Morzak*, No. 05-15-00103-CV, 2015 WL 3823942, *4 n.3 (Tex. App. – Dallas, Jun. 19, 2015, no pet.) (mem. op.), *citing Robert Navarro & Assocs. Eng'g, Inc. v. Flowers Banking Co. of El Paso, LLC*, 389 S.W.3d 475, 482 (Tex. App. – El Paso 2012, no pet.) ("[T]he statutory language does not allow for collective assertions of negligence."). Otherwise, the statute would never have needed amendment in 2009 to make clear

38

that the certificate of merit must set forth "*specifically*" and "*for each theory of recovery for which damages are sought*" the alleged act or omission and the factual basis for each such claim. TEX. CIV. PRAC. & REM. CODE § 150.002(b) (West 2011) (emphasis added). The complaint, or at least those claims, should be dismissed.

Leyendecker's affidavit with respect to negligent misrepresentation states only:

> Melden & Hunt and Booe were retained to provide a water treatment plant with a capacity of 8.0 million gallons per day ("MGD"), which could be expanded to 16.0 MGD. Melden & Hunt and Booe had a duty to provide all relevant and material information to East Rio Hondo throughout the design, construction, and operation of the Plant. Melden & Hunt failed to provide this information to East Rio Hondo and, in fact, provided false information in the construction plans and documents relied on by East Rio Hondo. This amounts to negligent misrepresentation by Melden & Hunt and Booe.

(*CR 21*) The elements of negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation. *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999). Leyendekcer's vague assertion fails to identify what information

Melden & Hunt purportedly failed to provide Plaintiff and what "false information" Melden & Hunt purportedly provided. (*CR 21*) It also, therefore, fails to identify any wrongful act and set forth the "factual basis" for it; and the complaint, or at least the claim of negligent misrepresentation, should be dismissed.

Similarly, the affidavit fails to address sufficiently East Rio's claim of breach of contract, the elements of which are: (1) the existence of a valid contract; (2) that the plaintiff performed or tendered performance; (3) that the defendant breached the contract; and (4) that the plaintiff was damaged as a result of the breach. *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 140 (Tex. App. – Corpus Christi 2008, no pet.). The affidavit makes no reference to any purported contract or to any specific purported contractual obligation, making only a reference to the general design of the plant. *Levinson*, 2015 WL 601983, at *5 (holding there was a failure to comply with the dictates of section 150.002(b) for breach of contract claim where affidavit failed to discuss and provide factual basis for each element, including existence of contract and portions breached), *citing Durivage*, 2011 WL 6747384, at *4 (same). (*CR 19-24*)

In fact, the affidavit's only reference to East Rio's breach claim is to state that "[t]he negligent acts and omissions identified in paragraphs a-e above, in my opinion, also constitutes a breach of Melden & Hunt's and Booe's contractual

40

obligations to properly and adequately design the Plant." (*CR 21*)  Again, the affidavit fails to address the breach elements; and East Rio's proffer of a catch-all and conclusory paragraph for its breach claim cannot suffice for section 150.002(b)'s specificity requirement for each theory asserted.  Because Leyendecker's affidavit failed to provide a sufficient factual basis for any breach of contract claim, the complaint, or at least that claim, must be dismissed.

While the most attention in Leyendecker's affidavit is devoted to East Rio's negligence claim against Melden & Hunt, the affidavit fails even there, at least as to claims that Melden & Hunt was negligent in providing adequate assistance, support, and supervision and that it failed to exercise independent judgment in the execution of the design.  The affidavit offers no factual basis, no standard of care, no specific instances of wrongdoing, and no discussion of causation as concerns that theory of negligence.  *See Garza*, 390 S.W.3d at 396 ("Myer's affidavit does not address, and is wholly silent on, the question of whether Garza Engineering negligently supervised and failed to correct Hernandez's work."). (*CR 20-21*)  In fact, the latter theory isn't even referenced in the certificate of merit. (*CR 19-24*) For this reason, the affidavit is insufficient, even as to these portions of East Rio's negligence claim; and the claim – like all other claims – must be dismissed.

Finally, Leyendecker's affidavit fails to set forth a sufficient discussion of causation across the board – offering only conclusory and wholly insufficient

41

language in paragraph 10 of the affidavit. Specifically, Leyendecker states only that "[t]he negligence, errors, omissions, breach of contract and other acts noted in this document on the part of Melden & Hunt has directly and indirectly caused and materially contributed to the construction of the poorly designed and defective Plant." (*CR 22*) That assertion is wholly conclusory, fails to *specifically* set forth the factual basis in support, and nowhere addresses the requisite causal link between Melden & Hunt's alleged acts and omissions as to each theory of liability – despite the express mandate of section 150.002(b). East Rio's complaint against Melden & Hunt should be dismissed.

### 4. At the Very Least, Leyendecker's Equivocation Precludes the Affidavit's Sufficiency

At the very least, the affidavit fails to provide an appropriate factual basis across claims because it equivocates – stating that Leyendecker's opinion is based on the "available information." *See, e.g., Burke v. Satterfield*, 525 S.W.2d 950, 954-55 (Tex. 1974) (affidavit reciting that recitations were true and correct to the best of affiant's knowledge did not "positively and unqualifiedly represent the facts . . . to be true and within the personal knowledge of the affiant"); *Levinson*, 2015 WL 601983, at *5 (certificates of merit must include statements that are "clear, positive, and free from inconsistencies, and can be readily controverted with evidence"); *see also Nueces County Bail Bond Bd. v. Alkek*, No. 13-04-00395-CV, 2006 WL 1843516, *3 (Tex. App. – Corpus Christi, Jul. 6, 2006, no pet.) (mem.

42

op.) ("A statement that facts 'are true to the best of my knowledge' does not contain the necessary factual specificity; it does not 'positively and unqualifiedly represent the "facts" as disclosed in the affidavit to be true and within his personal knowledge.'").

*Levinson* makes clear that, in order to state a sufficient factual basis in compliance with section 150.002(b), a certificate of merit must be clear and positive. Texas law is equally clear that affiants who equivocate on the basis of their purported knowledge do not testify clearly and positively. Because Leyendecker's affidavit fails to comply with section 150.002(b), East Rio's complaint against Melden & Hunt must be dismissed.

## IV. Dismissal Must Be of Plaintiff's Entire Complaint and Must Be with Prejudice

### A. If the Certificate of Merit Fails to Comply with Chapter 150 in Any Respect, the Plaintiff's Entire Complaint Must Be Dismissed

Here, again, courts must begin with section 150.002's plain text. Section 150.002(e) provides in relevant part that "[t]he plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant." TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011). Were the Court to agree that the affiant failed to demonstrate his competency to testify or his active engagement in the practice of engineering, that defect would be general in nature and would render the certificate of merit insufficient as a matter

43

of law. Under those circumstances, not even East Rio contests that the entire complaint should be dismissed.

However, when faced with a plaintiff's failure to address one or more specific claims, the Court's approach in the past has been to dismiss only those claims that the certificate of merit failed to address at all or failed to address sufficiently. *See, e.g., Levinson*, 2015 WL 601983, at *5 ("We reverse that portion of the trial court's judgment denying Levinson's motion to dismiss the breach of contract claim brought by El Pitolon."). But that approach directly conflicts with the explicit text of section 150.002(e) and also with the Supreme Court's definition of the word "complaint."

Again, upon failure to comply with the dictates of section 150.002 in any respect, section 150.002(e) mandates dismissal "of the complaint against the defendant." Recently, the Supreme Court of Texas addressed just what the Legislature meant when it used the term "complaint." *Jaster v. Comet II Const., Inc.*, 438 S.W.3d 556, 569 n.17 (Tex. 2014). The Court explained that the word "complaint" as used in chapter 150 means "petition." *Id.* It construed the term "complaint" synonymous with the word "action" – and then distinguished those terms from the more limited and specific phrases "theory of recovery" or "cause of action." *Id.* at 563-64; *see also City of Lorena v. BMTP Holdings, L.P.*, 409

44

S.W.3d 634, 643 (Tex. 2013) ("We construe statues to provide consistent meaning to the same word used throughout a statute.").

Section 150.002(e) requires dismissal of the entire "complaint," not just the theory of recovery or cause of action that the plaintiff failed to address in the defective certificate of merit. *See, e.g., CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, No. 02-11-00160-CV, 2013 WL 3968021, *1 (Tex. App. – Fort Worth, Aug. 1, 2013, no pet.) (mem. op. on remand) (requiring dismissal of all of plaintiff's claims where plaintiff failed to provide factual basis for each claim as required by section 150.002). In accordance with section 150.002's plain terms and the meaning that the Supreme Court of Texas has confirmed that they have, the Court has no choice but to dismiss East Rio's entire complaint against Melden & Hunt should any aspect of the certificate of merit be held defective.

**B.      Failure to Comply with Section 150.002 Requires Dismissal with Prejudice Generally and in the Circumstances of This Case**

**1.      The Statute's Language Requires Dismissal with Prejudice**

To reiterate, section 150.002(e) provides that "[t]he plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice." TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011). Recently, the Fourth Court of Appeals held that, "as a matter of law, when a plaintiff fails to file an [adequate] affidavit contemporaneously with the first-filed complaint, and the exception under

45

section 150.002(c) does not apply, the Legislature intended the complaint be dismissed with prejudice." *Bruington*, 456 S.W.3d at 190.[5] A trial court abuses its discretion when it dismisses without prejudice. *Id.* While this Court has implied that courts may dismiss with or without prejudice, *Levinson*, 2015 WL 601983, at *5, this precise issue of statutory construction has never been presented to the Court as one for its resolution. Properly presented in this case, the Court should hold – in line with chapter 150's plain language and governing principles of statutory construction – that dismissal must be with prejudice.

As noted above, courts focus their statutory construction efforts on the statutory text. As worded, section 150.002(e) says nothing about a dismissal without prejudice. Indeed, the only type of dismissal mentioned at all is a dismissal *with prejudice*. TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011); *see also CTL/Thompson Tex., LLC v. Starwood Homeowner's Ass'n, Inc.*, ___ S.W.3d ___, 2015 WL 1407716, *3 (Tex. App. – Fort Worth, Mar. 26, 2015, pet. filed) (Meier, J., dissenting). By reading into the statute an ability to dismiss without prejudice, a court would be adding to the statute words that are not there and that the Legislature did not include. *But see Texas Adjutant General's Office*

---

[5] Below, East Rio argued against the application of *Bruington*'s holding to a situation in which a defective certificate of merit was filed, as opposed to one in which no certificate of merit is filed at all. While *Bruington* was faced with a plaintiff's failure to file any certificate of merit with its first-filed petition, section 150.002(e)'s language is clear. If an affidavit is not filed "in accordance with this section" – which necessarily encompasses the substantive requirements for the certificate of merit – then the complaint shall be dismissed. TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011).

*v. Ngakoue*, 408 S.W.3d 350, 362 (Tex. 2013) (explaining that courts cannot add words into, or delete language from, a statutory provision).

Moreover, courts must construe words in context, not in isolation, as discussed above. Section 150.002 mandates that an adequate certificate of merit be filed and that the plaintiff do so contemporaneously with its first-filed complaint. TEX. CIV. PRAC. & REM. CODE § 150.002(a), (c) (West 2011). Reading into section 150.002(e) permission to dismiss without prejudice conflicts with the statute's mandate to file a compliant certificate of merit. TEX. CIV. PRAC. & REM. CODE § 150.002(a) (West 2011) ("plaintiff *shall be required* to file with the complaint an affidavit . . ."). Further, permitting a dismissal without prejudice frustrates the first—filed requirement because it permits a plaintiff to file a second complaint and a second certificate in an effort to comply. *CTL/Thompson Tex., LLC*, 2015 WL 1407716, at *3 (Meier, J., dissenting); *Bruington*, 456 S.W.3d at 189. Additionally, it thwarts the limited nature of the only exception to the first-filed requirement set forth in section 150.002(c). TEX. CIV. PRAC. & REM. CODE § 150.002(a), (c) (West 2011); *Bruington*, 456 S.W.3d at 189. Finally, construing section 150.002(e) to permit a dismissal without prejudice frustrates the Legislature's intent to deter and quickly end nonmeritorious claims. Giving a plaintiff a second bite at the apple prolongs that litigation, rather than bringing it to a speedy resolution. *CTL/Thompson Tex., LLC*, 2015 WL 1407716, at *4 (Meier,

J., dissenting). This is especially true given that section 150.002(f) permits an immediate interlocutory appeal of an order granting or denying a motion for dismissal. TEX. CIV. PRAC. & REM. CODE § 150.002(f) (West 2011).

At least some courts have seized upon use of the permissive "may" in section 150.002(e) as endowing trial courts with discretion in determining whether to dismiss with or without prejudice. *CTL/Thompson Tex., LLC*, 2015 WL 1407716, at *2. While the word "may" usually creates discretionary authority, the context in which the word is used can require a different construction. *See, e.g.*, TEX. GOV'T CODE § 311.016 (West 2013) (explaining that "may" "creates discretionary authority or grants permission or a power" "unless the context in which the word or phrase appears necessary requires a different construction or unless a different construction is expressly provided by statute"); *see also McLaughlin v. Smith*, 105 Tex. 330, 148 S.W. 288, 289-90 (1912) ("A direction contained in a statute, though couched in merely permissive language, will not be construed as leaving compliance optional, when the good sense of the entire enactment requires its provisions to be deemed compulsory."); *Wickware v. Sullivan*, 70 S.W.3d 214, 219 (Tex. App. – San Antonio 2001, no pet.) (noting that the plain language of one statutory subsection may remove a trial court's discretion granted in another subsection when the latter subsection was intended to be read in

48

conjunction with the prior one).  In light of the foregoing, the dismissal must be with prejudice.

## 2. Under the Circumstances of This Case, Dismissal Should Be with Prejudice

Even if the Court were to conclude that section 150.002 does not mandate a dismissal with prejudice, the statute still clearly permits such a dismissal.  *See* TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011) (noting that dismissal may be with prejudice); *CTL/Thompson Tex., LLC*, 2015 WL 1407716, at *2; *Levinson*, 2015 WL 601983, at *5.  Regardless of whether the statute mandates or merely permits a dismissal with prejudice, the circumstances here warrant dismissal with prejudice.  *See, e.g.*, *Johnson v. Fourth Court of* Appeals, 700 S.W.2d 916, 918 (Tex. 1985) (orig. proceeding) (noting that, often, "the facts and circumstances of the case extinguish any discretion in the matter").  A dismissal with prejudice is warranted given the factual background acknowledged by East Rio in its pleading.

East Rio pled that it retained Melden & Hunt to perform engineering services more than 15 years ago – in 2000.  (*CR 7*)  The subject plant – again, according to East Rio itself – was substantially completed in 2008 – seven years before suit was filed.  (*CR 8*)  Moreover, East Rio alleged that the affiant in question had time to review "a significant amount of documents, conduct[] a site visit at East Rio Hondo's Martha Ann Simpson Water Treatment Plant, and interview[] East Rio Hondo personnel involved in the operation and maintenance

49

of the Plant." (*CR 5*) Affiant Leyendecker echoes those representations, explaining that he has reviewed available documents, inspected the plant, interviewed East Rio staff, and had his own staff conduct at least three visits to the East Rio plant. (*CR 19*) Nevertheless, East Rio failed to file a certificate of merit that complied fully with section 150.002's requirements.

The law has required a certificate of merit to address each and every theory of recovery with sufficient factual basis since at least 2009. The failure to file an adequate certificate of merit alone justifies dismissal with prejudice. But the circumstances leading up to that failure take away all discretion and mandate dismissal with prejudice. East Rio, by virtue of its own assertions, demonstrated that it had a sufficient opportunity to provide an affidavit that complied with personal knowledge requirements; that set forth the affiant's competency, knowledge, and practice status; that addressed all theories of recovery; and that provided a factual basis as to all theories of recovery. East Rio's claims should be dismissed with prejudice.

### C. In the Alternative, Melden & Hunt Preserves Its Right to a Dismissal without Prejudice and to a Dismissal at Least in Part, While Not Waiving Its Arguments That the Court Has a Mandatory Duty to Dismiss the Entire Complaint with Prejudice

Even assuming that the Court were to decline to dismiss the litigation in its entirety with prejudice, either as mandated by the statute or by the circumstances of this case, Melden & Hunt remains entitled at least to a partial dismissal. *See*

TEX. CIV. PRAC. & REM. CODE § 150.002(e) (West 2011) ("The plaintiff's failure to file the affidavit in accordance with this section *shall* result in dismissal of the complaint."); *see also Garza*, 390 S.W.3d at 398 (reversing trial court's order denying motion to dismiss and remanding case to trial court to determine whether dismissal should be with or without prejudice to refiling).[6] To be clear, however, Melden & Hunt, by requesting this alternative relief, is not waiving its arguments that it is entitled to a dismissal of East Rio's entire complaint against it with prejudice and of its right to seek further review to enforce that mandate.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant Melden & Hunt, Inc. respectfully requests that the Court reverse the trial court's denial of its Motion to Dismiss and render judgment granting dismissal of the Appellee's complaint against Melden & Hunt, Inc. with prejudice or, in the alternative, without prejudice, either in whole or in part. Melden & Hunt, Inc. further requests that the Court grant it such other and further relief to which it is entitled.

Respectfully submitted,

GONZALEZ, CHISCANO, ANGULO &
KASSON, P.C.
Henry B. Gonzalez III

THE LAW OFFICE OF
JACQUELINE M. STROH, P.C.
Jacqueline M. Stroh

---

[6] Of course, Melden & Hunt does not concede in any way the viability of any of the claims East Rio has asserted against it. Melden & Hunt reserves its right to challenge all aspects of East Rio's claim for negligence and all other claims, if not dismissed, on any and all additional grounds available to it.

51

State Bar No. 00794952
hbg@gcaklaw.com
Jeffrie D. Boysen
State Bar No. 24071785
jboysen@gcaklaw.com
613 N.W. Loop 410, Suite 800
San Antonio, Texas 78216
(210) 569-8500
(210) 569-8490 (telecopier)

State Bar No. 00791747
jackie@strohappellate.com
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7416
(210) 477-7466 (telecopier)

By:_____/s/ Jacqueline M. Stroh_____
Jacqueline M. Stroh

ATTORNEYS FOR APPELLANT, MELDEN & HUNT, INC.

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION**

Pursuant to Texas Rule of Appellate Procedure 9.4(i), the undersigned certifies that this brief complies with the type-volume limitations; that, exclusive of the exempted portions, the brief contains 12,662 words (counting all appropriate footnotes); and that the brief has been prepared in proportionally-spaced typeface using Times New Roman Font 14 in body text and Font 12 in footnotes.

_____/s/ Jacqueline M. Stroh_____
Jacqueline M. Stroh

**CERTIFICATE OF SERVICE**

I certify that a true copy of the foregoing Brief of Appellant was on this the 29th day of June, 2015, served on the following counsel of record in accordance with the Texas Rules of Appellate Procedure:

Richard W. Fryer
Brian J. Hansen

FRYER & HANSEN, PLLC
1352 West Pecan Boulevard
McAllen, Texas 78501
e-mail@fryerandhansen.com
*-and-*
Roman "Dino" Esparza
ESPARZA & GARZA, LLP
964 E. Los Ebanos
Brownsville, Texas 78520
dino@esparzagarza.com
*Attorneys for Appellee*

       /s/ Jacqueline M. Stroh
       Jacqueline M. Stroh

RECEIVED
2015-DCL-00497
4/9/2015 11:44:11 AM
Cameron County - 197th District Court
Eric Garza
Cameron County District Clerk
By Jesus Cantu Deputy Clerk
4824025

CAUSE NO. 2015-DCL-00497

| | | |
|---|---|---|
| EAST RIO HONDO WATER SUPPLY, **Plaintiff** | § § § | IN THE 197TH JUDICIAL |
| VS. | § § | DISTRICT COURT OF |
| MELDEN & HUNT, INC.; HAWKINS & AFFILIATES, INC. D/B/A HRM ENVIRONMENTAL, LLC; OVIVO USA, LLC, SUCCESSOR IN INTEREST TO EIMCO WATER TECHNOLOGIES, LLC, GREYSTAR EIG, LP, D/B/A GREYSTAR, **Defendants** | § § § § § § § § § § | CAMERON COUNTY, TEXAS |

### ORDER DENYING
### MELDEN & HUNT, INC.'S MOTION TO DISMISS

On this day the Court considered Melden & Hunt, Inc.'s Motion to Dismiss. The Court, having considered the motion, response and evidence on file finds that said motion is not meritorious and should be DENIED.

**IT IS THEREFORE ORDERED**, that the Melden & Hunt, Inc.'s Motion to Dismiss should be, and the same is hereby **DENIED.**

SIGNED on this ___28th___ day of ___April___, 2015.

_____
JUDGE PRESIDING

Emailed 4/28/2015
Please forward copies to:
Richard W. Fryer: Email@fryerandhansen.com
Henry Gonzalez: hbg@gcaklaw.com
Seth A. Russell: srussell@andrewsmyers.com
Timothy M. McDaniel: tmcdaniel@IMTexasLaw.com
E. Michael Rodriguez: mrodriguez@atlashall.com
Roman "Dino" Esparza: Dino@esparzagarza.com

FILED ___10___ o'clock ___A___ M
**ERIC GARZA** - DISTRICT CLERK

APR 28 2015

DISTRICT COURT OF CAMERON COUNTY, TEXAS
By_____ Deputy #27

63

PDF created with pdfFactory Pro trial version www.pdffactory.com

**Excerpts from TEX. CIV. PRAC. & REM. CODE chp. 150.002 (West 2011).**

## § 150.001. Definitions[1]

In this chapter:

(1)   "Certified municipal inspector" means an individual who is employed full-time by a political subdivision and is currently:

    (A)   certified by a national model code group; or

    (B)   licensed as a plumbing inspector, as defined by Section 1301.002, Occupations Code.

(1-a)  "Licensed or registered professional" means a licensed architect, licensed professional engineer, registered professional land surveyor, registered landscape architect, or any firm in which such licensed or registered professional practices, including but not limited to a corporation, professional corporation, limited liability corporation, partnership, limited liability partnership, sole proprietorship, joint venture, or any other business entity.

(1-b)  "National model code group" means an organization consisting of industry and government fire and building safety officials that develops and promulgates a national model code, as defined by Section 214.217, Local Government Code.

(2)   "Practice of architecture" has the meaning assigned by Section 1051.001, Occupations Code.

(3)   "Practice of engineering" has the meaning assigned by Section 1001.003, Occupations Code.

---

[1] The definitions of "certified municipal inspector" and of "national model code group" apply only to a cause of action that accrues on or after June 14, 2013. Act of May 15, 2013, 83rd Leg., R.S., ch. 244, § 1, 2013 Tex. Gen. Laws 983, 984.

## § 150.002.  Certificate of Merit

(a)    In any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor who:

        (1)    is competent to testify;

        (2)    holds the same professional license or registration as the defendant; and

        (3)    is knowledgeable in the area of practice of the defendant and offers testimony based on the person's:

            (A)    knowledge;

            (B)    skill;

            (C)    experience;

            (D)    education;

            (E)    training; and

            (F)    practice.

(b)    The affidavit shall set forth specifically for each theory of recovery for which damages are sought, the negligence, if any, or other action, error, or omission of the licensed or registered professional in providing the professional service, including any error or omission in providing advice, judgment, opinion, or a similar professional skill claimed to exist and the factual basis for each such claim. The third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor shall be licensed or registered in this state and actively engaged in the practice of architecture, engineering, or surveying.

(c)    The contemporaneous filing requirement of Subsection (a) shall not apply to any case in which the period of limitation will expire within 10 days of the

date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of a third-party licensed architect, licensed professional engineer, registered landscape architect, or registered professional land surveyor could not be prepared. In such cases, the plaintiff shall have 30 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause, extend such time as it shall determine justice requires.

(d)     The defendant shall not be required to file an answer to the complaint and affidavit until 30 days after the filing of such affidavit.

(e)     The plaintiff's failure to file the affidavit in accordance with this section shall result in dismissal of the complaint against the defendant. This dismissal may be with prejudice.

(f)     An order granting or denying a motion for dismissal is immediately appealable as an interlocutory order.

(g)     This statute shall not be construed to extend any applicable period of limitation or repose.

(h)     This statute does not apply to any suit or action for the payment of fees arising out of the provision of professional services.

**Excerpts from TEX. OCCUPATIONS CODE chp. 1001 (West 2012).**

## § 1001.003.  Practice of Engineering

(a)    In this section:

    (1)    "Design coordination" includes the review and coordination of technical submissions prepared by others, including the work of other professionals working with or under the direction of an engineer with professional regard for the ability of each professional involved in a multidisciplinary effort.

    (2)    "Engineering survey" includes any survey activity required to support the sound conception, planning, design, construction, maintenance, or operation of an engineered project. The term does not include the surveying of real property or other activity regulated under Chapter 1071.

(b)    In this chapter, "practice of engineering" means the performance of or an offer or attempt to perform any public or private service or creative work, the adequate performance of which requires engineering education, training, and experience in applying special knowledge or judgment of the mathematical, physical, or engineering sciences to that service or creative work.

(c)    The practice of engineering includes:

    (1)    consultation, investigation, evaluation, analysis, planning, engineering for program management, providing an expert engineering opinion or testimony, engineering for testing or evaluating materials for construction or other engineering use, and mapping;

    (2)    design, conceptual design, or conceptual design coordination of engineering works or systems;

    (3)    development or optimization of plans and specifications for engineering works or systems;

    (4)    planning the use or alteration of land or water or the design or analysis of works or systems for the use or alteration of land or water;

(5)     responsible charge of engineering teaching or the teaching of engineering;

(6)     performing an engineering survey or study;

(7)     engineering for construction, alteration, or repair of real property;

(8)     engineering for preparation of an operating or maintenance manual;

(9)     engineering for review of the construction or installation of engineered works to monitor compliance with drawings or specifications;

(10)   a service, design, analysis, or other work performed for a public or private entity in connection with a utility, structure, building, machine, equipment, process, system, work, project, or industrial or consumer product or equipment of a mechanical, electrical, electronic, chemical, hydraulic, pneumatic, geotechnical, or thermal nature;

(11)   providing an engineering opinion or analysis related to a certificate of merit under Chapter 150, Civil Practice and Remedies Code; or

(12)   any other professional service necessary for the planning, progress, or completion of an engineering service.